IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOETTA POWELL**                                                                                          **PLAINTIFF**

VS.                                               **4:20-CV-00914-BRW**

**ROBERT WILKIE, in his official capacity**
**as Secretary of the Department of**
**Veterans Affairs**                                                                                       **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 11). Plaintiff responded and Defendant replied.[1] For the reasons stated below, Defendant's motion is GRANTED.

**I.      BACKGROUND**[2]

Plaintiff, who is African American, is a nurse employed by Defendant. She alleges that she "was subjected to a pattern of disparate treatment and hostile work environment due to her race." Plaintiff claims that one time co-workers discussed "how unarmed African American males are shot and killed by police," and regarding a specific shooting, a white coworker "stated in an emphatic tone that 'they got what they deserved.'" This made Plaintiff "feel very uncomfortable."

Plaintiff also witnessed Dawn Moore, who was her supervisor, "talk to the black employees in a condescending tone, and demean them on many occasions." Plaintiff alleges that one time Ms. Moore disciplined African American employees more harshly than white employees who committed the same infraction. Plaintiff questioned Ms. Moore about this incident and "was subjected to retaliatory and discriminatory treatment by Ms. Moore."

---

[1] Doc. Nos. 13, 15.

[2] Unless otherwise noted, the Background information is from Plaintiff's Amended Complaint (Doc. No.10 ).

1

In 2016, Ms. Moore gave Plaintiff additional work duties and Plaintiff "was provided little assistance with her normal duties" in 2016 and 2017.  She had to perform additional duties until February 2018, despite asking for some relief.  Ultimately Plaintiff was "working in a supervisory capacity for the eye clinics, as well as working in the administrative capacity, while managing the clinics for the entire service, and performing the duties of an Informatics Nurse."  When Ms. Moore was out of the office, someone else gave Plaintiff additional duties.

Eventually "due to the stress and physical ailments," Plaintiff was "forced to leave her position as the Clinic Operations Nurse Manager for Surgery/Anesthesia Services after suffering a miscarriage."  Plaintiff had requested an assistant for years, but the request was denied.  However, a white female who was working in Plaintiff's former job was provided an assistant.  Plaintiff also asserts that the white female was hired over a better-qualified African American female.

On, November 12, 20219, Plaintiff contacted an EEO Counselor.[3]  Plaintiff's EEO counseling ended on January 31, 2020.  On February 10, 2020, Plaintiff initiated a formal complaint of discrimination with Defendant.  She asserted that she was subjected to discrimination based on race because "on October 18, 2019, [she] became aware that Dawn Moore, Associate Nurse Executive hired assistants for the present Clinical Operations Nurse Manager."

On August 7, 2020, Plaintiff filed her Complaint.[4]  She alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff alleged disparate treatment and

---

[3] Doc. No. 10-1.

[4] Doc. No. 1.

retaliation claims.  Plaintiff sought relief under Title VII, 42 U.S.C. § 2000e, the Civil Rights Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

On December 4, 2020, Defendant filed a Motion to Dismiss.[5]  On January 11, 2021, I granted in part and denied in part Defendant's Motion to Dismiss.[6]  I dismissed Plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 because they were preempted by her Title VII claims.  However, Plaintiff was permitted to clarify her race discrimination claims.  Specifically, I instructed Plaintiff to clarify the *prima facie* element concerning the adverse employment action she alleges and set out her claim of a hostile work environment.  Furthermore, I found that Plaintiff had not addressed Defendant's contention that she "failed to exhaust [her] administrative remedies for any claim based on retaliation or hostile work environment" in her response to the Motion to Dismiss.  I instructed her to do so.

On January 25, 2021, Plaintiff filed an Amended Complaint which set out the same basic facts contained in her original Complaint.[7]  On February 4, 2021, Defendant filed a Motion to Dismiss the Amended Complaint.[8]  Defendant points out that Plaintiff, as a federal employee, failed to seek EEO counseling within the required 45 days regarding any claims based on her "reluctantly" leaving her job, and those claims are now time barred.  Defendant also asserts that the fact Plaintiff's successor was not required to perform the same duties at the same staff level fails to sufficiently allege an adverse employment action.  I agree with Defendant.

II.   **APPLICABLE LAW**

---

[5]Doc. No. 3.

[6]Doc. No. 9.

[7]Doc. No. 10.

[8]Doc. No.

3

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated.[9] If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.[10] When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.[11] Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."[12] Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action."[13] Legal conclusions couched as factual allegations may be disregarded.[14]

### III.  DISCUSSION

Plaintiff contends that she exhausted her administrative remedies and timely filed her lawsuit. Defendant argues that Plaintiff's claims based on her reluctant departure from her job as Clinical Operations Nurse Manager ("CONM") must be dismissed because she failed to administratively exhaust those claims.

Each federal agency (including the Veteran's Administration) is responsible for handling discrimination complaints and is required by law to implement certain processes.[15] Those

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Blankenship v. USA Truck, In*c., 601 F.3d 852, 853 (8th Cir. 2010).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[13] *Id.* at 555.

[14] See *Iqbal*, 556 U.S. at 679.

[15] 29 C.F.R. § 1614.105(a).

processes, and Plaintiff's exhaustion of them, are the issue here, not the timeliness of the Complaint.

Federal employees must contact an EEO counselor within 45 days of an unlawful discriminatory act.[16]  A hostile work environment is viewed as a single unlawful practice; so, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."[17]  Failure to exhaust administrative remedies, including the failure to timely contact an EEO counselor, absent equitable tolling, bars a plaintiff from pursuing a judicial remedy.[18]  A non-jurisdictional mandatory claim processing rule must be enforced "if a party 'properly raises it.'"[19]  Here, Defendant properly raised the exhaustion argument.

In her response, Plaintiff did not acknowledge or make any argument regarding the 45 day time limit.  Plaintiff's 45-day clock began to run for her constructive discharge and hostile work environment claims no later than August 2018, when she left her position as CONM.  Plaintiff initiated the EEO process over a year later in November 2019.  Plaintiff did not seek EEO counseling within the required 45 day period, those claims are time barred and dismissed.

**B.    Disparate Treatment Claim**

To establish a *prima facie* case of race discrimination, Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise

---

[16] See 29 C.F.R. § 1614.105(a)(1); *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003).

[17] *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 951 (8th Cir. 2011) (citations omitted).

[18] *Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, 911 F.3d 530, 534 (8th Cir. 2018).

[19] *Id.*

to an inference of discrimination.[20]  "Circumstances giving rise to an inference of discrimination include treating similarly situated employees who are not members of the protected class in a different manner."[21]  A failure to establish even one element of a *prima facie* case defeats a Title VII discrimination claim.[22]

Here, Defendant argues that Plaintiff cannot satisfy the third element—that she suffered an adverse employment action.  An adverse employment action must have a materially adverse impact on the terms or conditions of Plaintiff's employment.[23]  There must be a tangible change in working conditions that produces a material employment disadvantage.[24]  For example, termination, reduction in pay or benefits, and changes that affect an employee's future career prospects generally meet this standard.[25]  However, minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not qualify.[26]

In her Amended Complaint, Plaintiff recites the same basic facts and allegations found in her original Complaint.  Plaintiff's voluntarily leaving her job as CONM, even if reluctantly, for a lower paying position is not an adverse employment action.  Moreover, Defendant hiring additional staff a year after Plaintiff left her job did not impose a material employment disadvantage to her or present circumstances that allow an inference of race discrimination.

Accordingly, Plaintiff's disparate treatment claim is dismissed.      .

---

[20]*Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).

[21]*Id.* at 853–54.

[22]*Tatum v. City of Berkeley*, 408 F.3d 543, 550–51 (8th Cir. 2005).

[23]*Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001).

[24]*Cooney v. Union Pacific Railroad, Co.*, 258 F.3d 731, 734 (8th Cir. 2001).

[25]*Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000).

[26]*Id.* (citing *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997)).

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss (Doc. No. 11) is GRANTED.

IT IS SO ORDERED this 9th day of March, 2021.

                                          BILLY ROY WILSON
                                      UNITED STATES DISTRICT JUDGE